IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AARON BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-677-JLF |
| | ) | |
| CONOCOPHILLIPS COMPANY d/b/a | ) | |
| PHILLIPS 66 COMPANY, d/b/a PHILLIPS | ) | |
| CHEMICAL COMPANY, d/b/a PHILLIPS OIL | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

Before the Court is plaintiff's motion to remand (Doc. 16). Defendants have filed a response, (Doc. 20), and plaintiff has filed a reply (Doc. 23). Also before the Court is plaintiff's motion to strike (Doc. 24). These motions are discussed below.

**I.    Background.**

On or about October 20, 2003, plaintiff, a truck driver for Transpetro, Inc., arrived at Conocophillips' facility in Hartford, Illinois, to deliver a liquid substance. On prior occasions, plaintiff had made deliveries at this facility by simply taking a hose that was attached to the liquid tank that he had transported, and attaching it to Conocophillips' storage tank valve. This time, however, Conocophillips' storage tank had a different hose and nozzle assembly. Upon receiving instructions from Conocophillips' agent on how to disengage the new assembly, plaintiff attempted to remove the new nozzle from the hose and in so doing, he was sprayed with an unknown fluid.

On October 19, 2005, plaintiff filed suit in the Circuit Court in Madison County, Illinois. Specifically, plaintiff filed a forty-two (42) count complaint alleging various theories of negligence and strict liability, as well that defendants' conduct was willful and wanton. With regard to his claimed damages, plaintiff's complaint states that he was caused to be:

> exposed to, covered with, and otherwise to ingest toxic chemical substances, thereby causing the plaintiff to suffer severe and permanent injuries, he has suffered and will continue to suffer extreme pain and suffering; he has lost and will continue to lose wages, his earning capacity has been permanently impaired, and he has spent and will continue to spend great sums of money endeavoring to be cured of said injuries, and he has been made disabled and lost his normal enjoyment of life, all to his damage . . .

*(Doc. 12, Exh. 1, p. 6).*

Originally, plaintiff asked for an amount of damages in excess of Fifty Thousand Dollars ($50,000.00), but less than Seventy-Five Thousand Dollars ($75,000). Because Illinois law prohibits *ad damnum* clauses in complaints for personal injury actions, *735 ILCS 5/2-604,* on December 22, 2005, plaintiff amended his complaint to ask for damages simply "in excess of $50,000."

Shortly thereafter, defendants submitted written discovery that asked plaintiff to specify how much he was seeking in damages. Plaintiff responded as follows:

> The plaintiff has not yet made this determination other than what is stated in the Complaint. The Plaintiff will supplement this response after discovery is complete.

*(Doc. 20, Exh. 4, ¶¶21,22).*

At the time plaintiff filed his original complaint, according to defendants and not disputed by plaintiff's memorandums, the only evidence as to damages that defendants had

available to them was that there was an existing worker's compensation lien for $3,664.55. Thereafter, defendant was able to estimate from written discovery that plaintiff's damages approximated $39,554. (Doc. 20,p.9).

On August 2, 2006, defendants took plaintiff's deposition. (Doc. 20, Exh. 5). When asked how much he was claiming in damages, plaintiff's responses were evasive. (See Doc. 20, Exh. 5, pp.107-11). Defendant then asked plaintiff if he would stipulate that his damages were, in fact, not in excess of $75,000. Plaintiff refused. (Doc. 20, Exh. 5, p.107, Exh. 11). Specifically, plaintiff's counsel instructed plaintiff not to provide a stipulation because he believes it is improper.

Plaintiff did, however, provide additional information about his claim for permanent impairment of his earning capacity. Specifically, plaintiff testified that he is claiming damages not only for his regular wages but also for his lost overtime and his lifetime ability to earn additional income because he is no longer in the fuel hauling business. (Doc., 20, Exh. 5, p.110). After defendants obtained this information at plaintiff's deposition, defendants calculated this element of plaintiff's damages to approximate $36,400.

After plaintiff's deposition, defendants calculated plaintiff's total damages to be at least $75,944 ($39,544 + $36,400) (Doc. 20, pp.8-10). Shortly thereafter, on September 1, 2006, defendants filed a notice of removal based on diversity of citizenship and an amount in controversy exceeding $75,000. Plaintiff's motions are discussed below.

## II.   Discussion.

### A.   Motion to Strike.

Plaintiff has filed a motion to strike (Doc. 24) defendants' response (Doc. 20). Specifically, plaintiff argues that defendants' response violates local rules 5.1 and 7.1 because it contains numerous single-spaced footnotes which contain legal arguments. Thus, according to plaintiff, defendants' response violates the local rules' twenty (20) page limit.

Federal Rule of Civil Procedure 12(f) provides that "[u]pon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Fed.R.Civ.Proc. 12*. Generally, motions to strike are disfavored. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir.1989). Here, despite local rules to the contrary, this Court will generally allow a party to exceed the twenty (20) page limit where necessary. Here, had defendants asked, the Court would have most likely granted leave to defendants to file a response in excess of twenty (20) pages. Plaintiff's motion to strike is denied.

### B.   Motion to Remand.

As noted, defendants have removed this case from the Circuit Court of Madison County, Illinois. Removal allows a defendant to have an action filed in a state court transferred to the appropriate federal court "if the action originally could have been filed there." *28 U.S.C. § 1441(a); Schimmer v. Jaguar Cars, Inc.,* 384 F.3d 402, 404 (7th Cir.2004). As the parties invoking the federal court's jurisdiction, defendants bear the burden of demonstrating that jurisdiction exists. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th

Cir.1997).

A defendant seeking to establish jurisdiction on the basis of diversity must provide "competent proof" that the amount in controversy exclusive of interest and costs exceeds $75,000. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). In *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir.1993), the United States Court of Appeals for the Seventh Circuit noted that "competent proof" merely requires proof by a preponderance of the evidence. It defined this standard as "proof to a reasonable probability that jurisdiction exists." *Id.* This "reasonable probability" language was adopted by subsequent courts. *See, e.g., Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir.2006); *Chase*, 110 F.3d at 427; *Brewer v. State Farm Mut. Auto. Ins. Co.*, 101 F.Supp.2d 737, 739 (S.D.Ind.2000). The United States Court of Appeals for the Seventh Circuit, however, has since disavowed this wording because some courts erroneously believed that "reasonable probability" required a court to resolve any uncertainty about the amount in controversy against the removing defendant. *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 540 (7th Cir.2006). In *Sandowski,* the United States Court of Appeals for the Seventh Circuit specifically stated, "We now retract that language: it has no role to play in determining the amount in controversy." *Id.*

To remove a case, defendants need only "set out the basis of federal jurisdiction and prove any contested factual allegation." *Sadowski*, 441 F.3d at 540. When the plaintiff's complaint does not establish the amount in controversy, defendants can point to relevant contentions or admissions, settlement demands, and other evidence. *Id.* at 541-42. The aim is not to show what the plaintiff is likely to collect. *Brill v. Countrywide Home Loans, Inc.*, 427

F.3d 446, 448 (7th Cir.2005). Rather, the goal is to determine the cost or value of complying with the plaintiff's demands, from either party's perspective. *Sadowski*, 441 F.3d at 542. The preponderance of evidence standard comes into play only when the facts cited in support of jurisdiction are contested. *Id.* at 543.

Jurisdiction is determined as of the moment of removal. *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992). A Court may, however, consider any evidence that "sheds light on the situation which existed when the case was removed." *Harmon v. OKI Systems*, 115 F.3d 477, 480 (7th Cir.1997).

Plaintiff first argues that defendants have not established diversity of citizenship. Specifically, plaintiff complains that defendants have not offered competent proof that their principal places of business are outside of the State of Illinois.

Interestingly, plaintiff does not appear to be contesting whether diversity jurisdiction exists, rather, plaintiff argues merely that defendants have not offered any evidence to "prove" diversity of citizenship. In any event, defendants have now filed an affidavit, (uncontested by plaintiff), that defendants are incorporated in Delaware, and that their principal places of business are in Texas. (Doc. 20, Exh. 6). Accordingly, plaintiff's argument is to no avail.

Plaintiff also argues that defendants have failed to show that the amount in controversy exceeds $75,000. Plaintiff further argues that defendants should have known from the face of the original complaint that the amount in controversy exceeded $75,000, and thus, defendants' removal was untimely. As noted, however, the only evidence available to defendants regarding plaintiff's damages at the time the original complaint was filed was that the worker's

compensation lien was $3,664.55. It was only after defendants took plaintiff's deposition that they were able to estimate that plaintiff's damages approximated at least $75,944. These amounts have not been contested by plaintiff. For the reasons stated in defendants' response, (Doc. 20), prior to this plaintiff's deposition, (August 2, 2005), defendants were not in a position to ascertain the total amount of plaintiff's damages.

Nonetheless, plaintiff insists that defendants should have known that he was claiming more than $75,000 from the face of his original complaint because he alleged that his injuries were "severe and permanent," that he suffers extreme pain and suffering, that his earnings capacity is permanently impaired and that he will continue to spend great sums to be cured. The Court notes, however, that plaintiff's original complaint specifically asked for damages in excess of Fifty Thousand Dollars ($50,000.00), but less than Seventy-Five Thousand Dollars ($75,000). As noted, Illinois law prohibits the inclusion of *ad damnum* clauses in complaints for personal injury actions, *735 ILCS 5/2-604,* thus, plaintiff amended his complaint to ask for damages simply "in excess of $50,000."

The United States Court of Appeals for the Seventh Circuit has noted that the Illinois law on *ad damnum* clauses "frustrates a defendant's ability to determine the amount in controversy solely from the complaint." *Chase*, 110 F.3d at 427-28 (*citations omitted*). Thus, the Seventh Circuit has held that a district court may, on such occasions, look outside the pleadings to other evidence of jurisdictional amount in the record. *Id.,* (*citations omitted*). This Court, however, is limited to examining only that evidence of amount in controversy that was available at the moment the notice of removal was filed. *Id.* at 428 (*citations*

*omitted*).

Here, plaintiff repeatedly refused to provide information regarding damages, both in response to written discovery and at his deposition. At the time plaintiff originally filed his complaint, there was a worker's compensation lien for only $3,664.55. In addition, when asked if he would stipulate that his damages did not exceed $75,000, plaintiff refused. These facts create an inference that plaintiff is seeking damages in excess of $75,000. *See e.g., Workman v. United Parcel Service, Inc.*, 234 F. 998, 1000 (7th Cir. 2000) (if the plaintiff does not make a stipulation that he is not seeking and will neither demand nor accept any recovery in excess of $75,000, "the inference arises that he thinks his claim may be worth more."). *See also Moffett v. American Coal Co.*, 2006 WL 1989800 *2 (S.D.Ill., July 13, 2006) (Plaintiff's refusal to stipulate that his damages were $75,000 or less is "evidence that amount in controversy exceeds the jurisdictional minimum.").

Plaintiff's memorandums do not dispute defendants' calculations or that the first time evidence supporting the specific amount of $75,944 was available was after plaintiff's deposition. Rather, plaintiff argues that defendants should have known that the case was removable from the beginning because he alleges, among other things, that his injuries were "severe and permanent." Upon review, however, a common sense reading of the complaint does not indicate that the amount in controversy exceeds $75,000. This case is not, for example, like *McCoy v. General Motors*, where plaintiffs alleged "disfigurement" and "paralysis," *McCoy v. General Motors*, 226 F.Supp.2d 939, 941 (N.D.Ill.2002) (*citing Huntsman Chem. Corp. v. Whitehorse Tech.*, No. 97 C 3842, 1997 WL 548043, at *5

8

(N.D.Ill. Sept.2, 1997); *Carleton v. CRC Indus., Inc.*, 49 F.Supp.2d 961, 962 (S.D.Tex.1999) (concluding that it was "undeniably facially apparent" that plaintiff's damages exceeded $75,000 because he alleged that he contracted leukemia from defendant's chemicals); *Roberson v. Orkin Exterminating Co., Inc.*, 770 F.Supp. 1324, 1329 (N.D.Ind.1991); *Turner v. Wilson Foods Corp.*, 711 F.Supp. 624, 626 (N.D.Ga.1989) (holding that allegations in complaint that plaintiff suffered severe burns, permanent scarring, pain and suffering, and medical expenses provided defendant with sufficient information to ascertain removability); *Mielke v. Allstate Ins. Co.*, 472 F.Supp. 851, 853 (E.D.Mich.1979) ("there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint"); *Lee v. Altamil Corp.*, 457 F.Supp. 979, 981 (M.D.Fla.1978); *Horak v. Color Metal of Zurich*, 285 F.Supp. 603, 606 (D.N.J.1968) (holding that where complaint alleges that plaintiff suffered loss of right arm, defendant on notice that claim exceeds jurisdictional amount). *But cf. Height v. Southwest Airlines, Inc.*, No. 02 C 2854, 2002 WL 1759800, at *4 (N.D.Ill. July 29, 2002); *Ford v. Mannesmann Dematic Corp.*, No. 00 C 1226, 2000 WL 1469371, at *3 (N.D.Ill. Oct.2, 2000); *Abdishi v. Phillip Morris, Inc.*, No. 98 C 1310, 1998 WL 311991, *3 (N.D.Ill. June 4, 1998)).

Here, plaintiff has not disclosed the nature of his permanent injur(ies), rather, he has made only vague allegations that the injuries are "severe and permanent," that he suffers "extreme" pain and suffering, and that his earnings capacity is permanently impaired. In such instances, courts have found that similarly vague allegations do not necessarily mean that the plaintiff is seeking damages in excess of $75,000. *See Ford v. Mannesmann Dematic Corp.*,

2000 WL 1469371, at *3 (N.D.Ill. Oct. 2, 2000) (defendant could not have removed the case based on plaintiff's allegations that he was seeking in excess of $50,000 and was "seriously injured" because these allegations fail to provide the required degree of certainty that the jurisdictional amount was satisfied); (*citing Abdishi v. Phillip Morris, Inc.*, 1998 WL 311991, at *2 (N.D.Ill. June 4, 1998) (finding that defendant's knowledge of the "serious nature" of plaintiff's injuries and his "various medical procedures" was insufficient to put defendant on notice that the damages sought would exceed $75,000).

Based upon the above, it was not clear from the face of either plaintiff's original or his amended complaint that the case was removable. The first instance at which the case appeared removable to defendants was at plaintiff's deposition on August 2,2006. Defendants filed their notice of removal within thirty (30) days of this date, (September 1, 2006), thus, defendants' removal was timely. Consequently, plaintiff's motion to remand is denied.

**III.    Summary.**

For the above reasons, plaintiff's motions to strike and to remand, (Docs. 16,24), are **DENIED.**

**IT IS SO ORDERED.**                                         *s/ James L. Foreman*
**DATED:** December 4, 2006.                                  **DISTRICT JUDGE**